UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON MARTIN,

    Plaintiff,                         CIVIL ACTION NO. 05-CV-73846-DT

v.                                   DISTRICT JUDGE GEORGE CARAM STEEH

HAROLD WHITE, and             MAGISTRATE JUDGE DONALD A. SCHEER
CORRECTIONAL
MEDICAL SERVICES, INC.,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The Complaint should be dismissed due to plaintiff's failure to exhaust available administrative remedies.

                                *   *   *

Plaintiff, while incarcerated at the Parnall Correctional Facility (SMT),[1] in Jackson, Michigan filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on October 6, 2005, against the above named defendants alleging that they had been deliberately indifferent to his serious medical needs. Plaintiff also alleged that the Defendants engaged in a conspiracy to punish him for exercising his First Amendment right to file lawsuits and grievances against prison officials. Claiming violations of his Eighth Amendment rights under the federal constitution, Plaintiff sought injunctive relief as well as compensatory and punitive damages. For reasons stated below, the Court should dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

---

[1] Plaintiff is still incarcerated at SMT.

EXHAUSTION OF REMEDIES

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement sua sponte. Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998). Compliance with this provision requires that prisoners file a grievance against the person(s) they ultimately seek to sue, Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001), and merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. Gibbs v. Bolden, 151 F. Supp.2d 854, 857 (E.D. Mich. 2001).

In this case, Plaintiff has failed to exhaust his administrative remedies. The prisoner bears the burden of showing that all administrative remedies have been exhausted by attaching to his Complaint copies of any grievance decision demonstrating the "administrative disposition of his complaint." Brown, 139 F.3d at 1104. The prisoner must show that he has exhausted the administrative remedies with respect to each individual he intends to sue. Thomas v. Woolum, 337 F.3d 720, 735 (6th Cir. 2003); Burton v. Jones, 321

F.3d 569, 574 (6th Cir.2003). While Plaintiff attached several partially exhausted grievances to his Complaint, he admits that he did not completely exhaust his administrative remedies (See Complaint and Plaintiff Reply to Defendant's Motion to Dismiss). Furthermore, Plaintiff did not submit any grievances against Defendant White. The PLRA clearly makes exhaustion a pleading requirement, which cannot be cured later in the litigation. Baxter v. Rose, 305 F.3d 486, 488 (6th Cir. 2002). Therefore, the time for proving exhaustion is when the original complaint is filed, and not later.

Plaintiff has failed to show that he pursued grievances against all the Defendants at all levels of administrative review, or that he was precluded from doing so. As a result, the Complaint should be dismissed on the basis of Plaintiff's failure to exhaust administrative remedies. Brown v. Toombs, 139 F.3d at 1104; White v. McGinnis, 131 F.3d 593. 595 (6th Cir. 1997).

SUPERVISORY DUTIES

Alternatively, the instant Complaint seeking monetary damages against Defendant White (SMT warden) should be dismissed based on his lack of personal involvement in the underlying acts giving rise to this action. In order to state a claim for monetary damages under § 1983, the Plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or respondeat superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976); Poe v. Haydon, 853 F.2d 418, 429 (6th Cir. 1988), cert. denied, 488 U.S. 1007 (1989). Additionally, a supervisory official's failure to supervise, control, or train the offending individual is not actionable, unless the supervisory official "either encouraged the specific incident of misconduct or in some other way directly participated in it." Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir. 1982),

cert. denied, 459 U.S. 833 (1982). To the extent Plaintiff complains about a failure to respond to his grievances, the general rule is that a combination of knowledge of a prisoner's grievances and failure to respond to or remedy the complaints is insufficient to impose liability upon supervisory personnel under § 1983. Id.

Defendant White was merely part of the prison administration during the relevant time, and there is no evidence that any "policy" personally promulgated by him had anything to do with Plaintiff's treatment. Moreover, Plaintiff has not shown that this Defendant had "actual knowledge of a breakdown in the proper workings of the department." See Hill v. Marshall, 962 F.2d 1209, 1213 (6th Cir. 1992). Absent a showing that he was personally or directly involved, Defendant White should not be held liable for compensatory and punitive damages. Accordingly, the monetary claim against him should be dismissed regardless of the constitutional sufficiency of Plaintiff's actual treatment. Similarly, there is no proper basis alleged in the complaint for a claim against Correctional Medical Services (CMS)[2]. The general rule is that a local governmental unit may not be sued under § 1983 for a wrong inflicted solely by its employees or agents unless they are executing some official policy, practice or custom. Monell v. NYC Department of Social Services, 436 U.S. 658, 694 (1978). Plaintiff identifies no specific custom or policy which contributed to, or resulted in, his alleged treatment.

---

[2]CMS, acting as an agent of the State, is also not liable under the theory of respondeat superior. Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994); Street v. Corrections Corporation of America, 102 F.3d 810, 817-818 (6th Cir. 1996).

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Steeh's acceptance thereof is waived.

                                                s/Donald A. Scheer  
                                               DONALD A. SCHEER  
                                               UNITED STATES MAGISTRATE JUDGE  
Dated: February 10, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on February 10, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 10, 2006. **Leon Martin.**

                                               s/Michael E. Lang  
                                               Deputy Clerk to  
                                               Magistrate Judge Donald A. Scheer  
                                               (313) 234-5217