UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

LEON MARTIN,

          Plaintiff,                  CASE NO. 05-CV-73846

v.                                HON. GEORGE CARAM STEEH

HAROLD WHITE, et al.[1],

          Defendants.

_____/

OPINION AND ORDER ADOPTING IN PART AND MODIFYING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING
DEFENDANT HAROLD WHITE'S RULE 12(B)(6) MOTION TO DISMISS
(DOCUMENT # 12)

INTRODUCTION

This matter is before the court on defendant Harold White's motion to dismiss,

based upon Fed. R. Civ. P. 12(b)(6). Defendant White requests that the court dismiss

plaintiff's November 2, 2005 complaint, which asserts civil rights violations under 43

U.S.C. § 1983 and a claim under the American with Disabilities Act, 42 U.S.C. § 12101,

et seq. (hereinafter "ADA"). The motion was referred to Magistrate Judge Donald A.

Scheer, who issued a report and recommendation that the motion to dismiss be

granted. Plaintiff filed timely objections on February 23, 2006. See 28 U.S.C. §

636(b)(1); E.D. Mich. L.R. 72.1(d)(2).

_____

[1] The handwritten complaint indicated only one defendant: "Harold White, CMS MDOC Medical Provider." Defendant White was served by the U.S. Marshals upon the order of Magistrate Judge Scheer. As the case progressed, the entity "Correctional Medical Services, Inc." was added to the case caption. The court notes that this "defendant" was never served.

BACKGROUND

Plaintiff is a blind man incarcerated at Parnall Correctional Facility in Jackson, Michigan.  Plaintiff claims that defendants have been deliberately indifferent to his medical needs.  Plaintiff also claims that Michigan Department of Corrections personnel have retaliated against him because he has filed numerous grievances.  Plaintiff seeks injunctive and compensatory relief and punitive damages.

STANDARD OF REVIEW

When this court considers a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "well-pleaded facts" contained in a complaint must be accepted as true.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).  Any ambiguities in the pleadings must be resolved in the pleader's favor.  Jackson v. Richards Medical Co., 961 F.2d 575, 577 (6th Cir. 1992).  However, the court need not accept as true legal conclusions or unwarranted factual inferences.  Morgan, 829 F.2d at 12.

Once the court has "constru[ed] the complaint in the light most favorable to the plaintiff ... [it] determine[s] whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief."  Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir.1998) (citation omitted).   A district court properly grants the motion to dismiss when there is no set of facts contained in the complaint  that would allow recovery.  Carter by Carter v. Cornwall, 983 F.2d 52, 54 (6th Cir. 1993).

A district court judge may designate a magistrate judge to hear and determine motions to dismiss for failure to state a claim upon which relief may be granted, setting forth proposed findings of fact and conclusions of law in a written report and recommendation.  See 28 U.S.C. § 636(b)(1) (B-C).  Within ten days of service of the

2

magistrate judge's report and recommendation, any party may file written objections to the magistrate's proposed findings and recommendations.  See 28 U.S.C. § 636(b)(1)(C).  "A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made."  Id.  "A judge of the court may accept, reject, or modify in whole or in part the findings or recommendations made by the magistrate."  See U.S.C. § 636(b)(1)(C).

PLAINTIFF'S OBJECTIONS

Plaintiff raises three objections to the magistrate's report and recommendation. First, plaintiff objects to the finding that he failed to exhaust his administrative remedies. Plaintiff claims he was unable to complete a step two grievance because he was transferred to another facility the day before his hearing, and then was transferred back to Parnall Correctional Facility a few weeks later.  Second, plaintiff asserts that the magistrate judge erred in determining that the administrative remedies had not been exhausted because complete adherence to 42 U.S.C. § 1997(a) is not required under the ADA.  Third, plaintiff objects to the magistrate judge's finding that defendant White was not personally involved, and his determination that plaintiff failed to demonstrate that defendant White had actual knowledge of the alleged breakdown of the department.

DISCUSSION

A.  Exhaustion of Remedies

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

3

. . . until such administrative remedies as are available are exhausted." (2003). In Brown v. Toombs, the Sixth Circuit determined that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies." 139 F.3d 1102, 1103 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998). Additionally, as a prerequisite to bringing a lawsuit, a prisoner must demonstrate that he has exhausted all administrative remedies in regard to each individual that he plans to sue. Thomas v. Woolum, 337 F.3d 720, 735 (6th Cir. 2003); Burton v. Jones, 321 F.3d 569, 574 (6th Cir. 2003) In order to demonstrate exhaustion, a plaintiff must attach to his complaint documentation of the disposition of his grievances. Brown, 139 F.3d at 1104.

In the instant case, plaintiff has not demonstrated that he has completely exhausted his administrative remedies. The grievance process entails three stages. Plaintiff has only provided the court with documentation that demonstrates Step I and Step II grievances; plaintiff does not demonstrate that he exhausted his grievances through Step III. Plaintiff also argues that he was denied the opportunity to pursue one of his Step II grievances because he was transferred to another facility the day before that grievance was to be heard. In Mitchell v. Horn, the Third Circuit determined that when a prison official denies a prisoner access to the grievance process, the grievance process is unavailable for the purpose of determining whether the prisoner exhausted the available administrative remedies. Mitchell, 318 F.3d 523 (2003). In the instant case, plaintiff similarly claims that he was denied access to the grievance process due to a transfer, but plaintiff has failed to provide any documentation of the grievance to which he was denied a Step II hearing by defendant White. While plaintiff included

4

several grievances relating to incidents that occurred in 2005, he did not include any grievance filed before his transfer to Marquette in October of 2004.  Therefore, plaintiff has neither demonstrated that he has exhausted the available administrative remedies, nor has he demonstrated that he was denied the opportunity to exhaust the 2004 grievance.  For the above-mentioned reasons, the Court adopts the portions of the magistrate judge's report and recommendation that relate to Plaintiff's failure to exhaust his administrative remedies.

B.  Exhaustion Under the Americans with Disabilities Act

Plaintiff also objected to the magistrate judge's failure to take into consideration that the ADA does not require exhaustion of administrative remedies.  In his complaint plaintiff alleges that he has been denied accommodation for his handicap required under the ADA.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132 (2005).  According to the United States Supreme Court, Title II of the ADA extends to prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998).

Contrary to plaintiff's assertion, according to the Sixth Circuit a complaint under the ADA does require exhaustion of administrative remedies in accordance with 42 U.S.C. § 1997e(a).  Jones v. Smith, 266 F.3d 399, 400 (6th Cir. 2001) (per curiam).  Plaintiff has failed to demonstrate that he has exhausted his administrative remedies in regard to his ADA claim.

C.  Defendant White's Involvement

The court also agrees with the alternative finding of the magistrate that the complaint must be dismissed due to plaintiff's failure to articulate defendant White's personal involvement in the events giving rise to these claims.  Under § 1983, to impose liability on a supervisor, plaintiff must show at the very least that the supervisor knowingly and expressly or implicitly authorized or encouraged the unconstitutional conduct.  Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Plaintiff does not allege that defendant White knowingly encouraged the misconduct of which plaintiff complains.  For the above stated reasons, the court also adopts these findings of magistrate Scheer.

The court has considered the file, arguments of the parties, the report and recommendation of the magistrate in this matter, and the plaintiff's objections thereto. For the reasons stated above as well as those contained in the report and recommendation of Magistrate Judge Scheer, defendant White's motion is hereby GRANTED.  Accordingly, it is ordered that the magistrate judge's report and recommendation is accepted as to the findings and conclusions relating to Plaintiff's failure to exhaust remedies and Defendant White's supervisory capacity.  The report and recommendation is modified to the extent that this Court has determined Plaintiff's claim regarding exhaustion of administrative remedies under the ADA has no merit.

6

2:05-cv-73846-GCS-DAS   Doc # 21   Filed 05/08/06   Pg 7 of 7   Pg ID 210

For the reasons stated above, all claims pending in this matter are hereby

DISMISSED WITHOUT PREJUDICE.  Accordingly, Plaintiff's complaint is dismissed in

its entirety.

IT IS SO ORDERED.


S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  May 8, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 8, 2006, by
electronic and/or ordinary mail.


S/Josephine Chaffee
Secretary/Deputy Clerk